UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

In re Application of: )
)
THE GOVERNMENT OF GHANA )
) Case No. 2:11-mc-09002 v
)
Applicant. )
)
_____

**SUGGESTIONS IN SUPPORT OF THE APPLICATION OF**
**THE GOVERNMENT OF GHANA FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 3

    I    THE GOVERNMENT OF GHANA'S APPLICATION MEETS THE
REQUIREMENTS OF 28 U.S.C. § 1782 ........................................................................ 3

        A. ProEnergy Resides in Missouri ................................................................................ 4

        B. The GoG is an Interested Person Because It is a Litigant in a Proceeding
before a Foreign Tribunal ........................................................................................ 4

        C. The Government of Ghana Seeks Discovery for Use in a Proceeding
in a Foreign Tribunal ............................................................................................... 5

    II.   THE INTEL FACTORS WEIGH IN FAVOR OF ORDERING THE
DISCOVERY THAT THE GOG SEEKS ....................................................................... 6

        A. ProEnergy is Not a Party to the Foreign Proceeding, and the
Materials are Not Within the Foreign Tribunal's Jurisdictional Reach .................... 6

        B. The Nature and Character of the Foreign Proceeding Weighs in
Favor of Granting the GoG's Application ............................................................... 7

        C. There is No Indication that Ghana Would Be Unreceptive to
Federal Judicial Assistance ...................................................................................... 7

        D. The GoG is Not Attempting to Circumvent Ghanaian Law or Policy ...................... 8

        E. The GoG's Requests are Not Unduly Burdensome .................................................. 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

                                                                                                     Page(s)

**CASES**

*Agyenkwa v. Am. Motors Corp.*,
   622 F. Supp. 242 (E.D.N.Y. 1985) ....................................................................................... 7

*Application of Esses*, 101 F.3d 873, 876 (2nd Cir. 1996) ..................................................... 8

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ........................................................................................... 8, 9

*Hertz Corp. v. Friend*,
   130 S. Ct. 1181 (2010) ....................................................................................................... 4

*In re Application of Chevron Corp.*,
   No. H-10-134, 2010 WL 2038826 (S.D. Tex. May 20, 2010), *aff'd*, *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010) ........................................... 4, 6, 8, 9

*In re Application of Grupo Qumma*,
   No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) ................................................. 6

*In re Application of Roz Trading Ltd.*,
   469 F. Supp. 2d 1221 (N.D. Ga. 2006) ...................................................................... 4, 6, 9

*In re Application of Servicio Pan Americano de Proteccion, C.A.*,
   354 F. Supp. 2d 269 (S.D.N.Y. 2004) ....................................................................... 5, 7, 9

*In re Chevron Corp.*,
   No. 7:10-mc-00067, 2010 WL 4883111 (W.D. Va. Nov. 24, 2010) .................................. 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ................................................................................................. *passim*

*In the Matter of the Application of The Procter & Gamble Co.*,
   334 F. Supp. 2d 1112 (E.D. Wis. 2004) ............................................................................ 9

*Marubeni Am. Corp. v. LBA Y.K.*,
   335 F. App'x 95 (2d Cir. 2009) ......................................................................................... 9

**FEDERAL STATUTES**

28 U.S.C. § 1782 (2010) ............................................................................................... *passim*

**OTHER AUTHORITIES**

BLACK'S LAW DICTIONARY (9th ed. 2009) ................................................................................. 4

T.I.A.S. No. 6820, 21 U.S., T. 77, 1969 WL 97928 ................................................................ 7

U.S. Code Cong. & Admin. News 1964, S. Rep. No. 1580 .................................................... 5

**PRELIMINARY STATEMENT**

This is an application for discovery in the United States in aid of a foreign civil proceeding. The Government of Ghana ("GoG") is currently in a dispute before the Ghanaian High Court of Justice (Commercial Division) ("the High Court") with Balkan Energy Company LLC, its principal Phillip Elders, and its corporate Ghanaian affiliate Balkan (Ghana) Ltd. (collectively "Balkan") concerning Balkan's performance under a Power Purchase Agreement ("PPA"). The GoG has learned that Balkan is simultaneously engaged in an action pending in this Court against ProEnergy Services International, Inc. and ProEnergy Services LLC (collectively "ProEnergy"), the primary subcontractor retained by Balkan to fulfill Balkan's obligations under the PPA for the same project. *ProEnergy Services, LLC v. Balkan Energy Co.*, No. 2:09-cv-04026-SOW (W.D. Mo.). The GoG seeks discovery of documentary and testimonial evidence in the possession of ProEnergy concerning the Barge and the PPA, some of which has been exchanged in that case, for use in the proceeding before the Ghanaian High Court. For the reasons set forth below, this Court should grant the application.

**BACKGROUND**

***The High Court Proceedings.*** The GoG commenced a civil action on June 25, 2010 in the High Court against Balkan seeking damages for fraud and misrepresentation concerning Balkan's failure to carry out its obligations under the PPA.[1] *See* Declaration of Jeffrey J. Amato ("Amato Decl."), Exh. A, at ¶ 20 (GoG Summons and Statement of Claim). Pursuant to the PPA, Balkan agreed with the GoG to refurbish and recommission a 125 megawatt dual fired power barge ("the Barge") and supply electricity to Ghana in exchange for tolling fee payments. Despite Balkan's agreement in 2007 to complete a phase of the project within 90 days and begin

---

[1] Balkan (Ghana) Ltd. had previously commenced an arbitration proceeding against the GoG pursuant to the PPA, claiming that it had fully performed under that agreement.

1

producing electricity, as of today the Barge is still not operational. Instead, as GoG alleges in the High Court, Balkan has misrepresented the work that it (and its subcontractors) performed, failed to perform on time, caused damage to the Barge, and submitted fraudulent invoices to the GoG seeking payment for electricity it falsely contends it has the ability to produce. Balkan has denied these allegations, contending that it has fulfilled all of its obligations under the PPA and that the GoG is responsible for Balkan's inability to meet the deadlines under the PPA. *See* Amato Decl., Exh. B, at ¶¶ 18, 25-29 (Statement of Defence). Discovery in the proceeding is about to commence.

***The Missouri Proceedings.*** To carry out a majority of Balkan's obligations under the PPA, Balkan contracted with ProEnergy Services. *See* Amato Decl., Exh. C, at ¶ 6 (MO First Amended Petition). Balkan is also involved in litigation with ProEnergy in this Court. *See* Amato Decl., Exh. C (MO First Amended Petition). In that proceeding, ProEnergy alleges that it completed its work on the Barge pursuant to its contract with Balkan, but Balkan failed to pay ProEnergy for its services. Balkan contends, however, contrary to its assertions in the High Court, that ProEnergy failed to perform its work on time and that the work it did perform was done negligently, such that the work on the Barge is not complete. *See* Amato Decl., Exhs. D, at ¶ 9 of Balkan's Counterclaim (MO Balkan Answer) & E at ¶¶ 5.17-19 (TX First Amended Petition). Indeed, Balkan provides a laundry list of defects and other problems associated with the Barge, including allegations that ProEnergy caused irreparable damage to the turbines and never achieved the ability to run the turbines at full speed to generate electricity. *See* Amato Decl., Exh. E, at ¶ 5.17, 5.19 (TX First Amended Petition). Thus, by claiming that the Barge is inoperable and incapable of generating electricity, Balkan asserts conflicting positions in this Court as compared to those made in the High Court.

2

***The Discovery Sought.*** The GoG seeks materials that have already been exchanged by two parties currently litigating before this Court. *See* Amato Decl., Exh. I. These materials, including documents, expert reports, deposition testimony, and interrogatories gathered in *ProEnergy Services, LLC v. Balkan Energy Co.*, No. 2:09-cv-04026-SOW (W.D. Mo.), are directly relevant to the GoG's claims before the High Court including the condition of the Barge and the performance, or lack thereof, of Balkan under the PPA, and demonstrate the extent and costs of any damages to the Barge. Because such materials have already been produced in discovery in a proceeding before this Court, there can be no dispute that ProEnergy can produce such materials to the GoG with little burden.

## ARGUMENT

**I** **THE GOVERNMENT OF GHANA'S APPLICATION MEETS THE REQUIREMENTS OF 28 U.S.C. § 1782**

Pursuant to 28 U.S.C. § 1782, this Court is authorized to provide assistance in obtaining evidence from domestic companies and persons for use in foreign and international proceedings. Subsection (a) states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a) (2010). The Supreme Court has held that the plain language of the statute controls, and thus in order to obtain relief, an applicant must satisfy three threshold conditions: (1) the person from whom discovery is sought resides or is found in the district of the court to which the application is made; (2) the application is made by a foreign or international tribunal

or any interested person; and (3) the discovery is "for use in a proceeding in a foreign or international tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004); *see also In re Application of Chevron Corp.*, No. H-10-134, 2010 WL 2038826, at *1 (S.D. Tex. May 20, 2010), *aff'd*, *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010); *In re Application of Roz Trading Ltd.*, 469 F. Supp. 2d 1221, 1223 (N.D. Ga. 2006). The GoG's application easily meets these criteria.

### A. ProEnergy Resides in Missouri

Section 1782(a) requires that the person from whom discovery is sought "reside in or [be] found" in the district where the district court sits. The term "person" includes corporations. *See Chevron Corp.*, 2010 WL 2038826, at *1-2; *Intel*, 542 U.S. 241. Where a corporation's headquarters is located in the district of the district court where the application is brought, the residence requirement is satisfied. *See Intel*, 542 U.S. at 251 n.5. ProEnergy resides within this district because its headquarters is in Sedalia, Pettis County, Missouri. *See* Amato Decl., Exh. C, at ¶¶ 1-2 (MO First Amended Petition); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (applying "nerve center" test to determine principal place of business).

### B. The GoG is an Interested Person Because It is a Litigant in a Proceeding before a Foreign Tribunal

The Supreme Court interprets "interested person" broadly to reach beyond "the universe of persons designated 'litigant.'" *See Intel*, 542 U.S. at 256 (individuals and entities with mere "participation rights" in a foreign proceeding possess a reasonable interest in obtaining judicial assistance and thus qualify as an interested person under the statute). Indeed, there is "[no] doubt [that] litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Id.* A litigant is any "party to a lawsuit." *See* BLACK'S LAW DICTIONARY (9th ed. 2009). Here, the Attorney General for the Republic of Ghana filed a

4

Statement of Claim against Balkan in the Ghanaian High Court of Justice on June 25, 2010. *See* Amato Decl., Exh. A (Summons and Statement of Claim). The GoG is thus a litigant in a proceeding before a foreign tribunal.

### C. The Government of Ghana Seeks Discovery for Use in a Proceeding in a Foreign Tribunal

The GoG also satisfies the third requirement of § 1782 because it seeks discovery "for use in a proceeding in a foreign or international tribunal." A civil proceeding before a foreign court fulfills this requirement. *See Intel*, 542 U.S. at 259 ("The legislative history of the 1964 revision . . . reflects Congress' recognition that judicial assistance would be available 'whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature.'") (quoting S. Rep. No. 1580, at 9, U.S. Code Cong. & Admin. News 1964, pp. 3782, 3789).[2] Moreover, § 1782 merely requires that a dispositive ruling be "within reasonable contemplation." *See Intel*, 542 U.S. at 259; *In re Application of Servicio Pan Americano de Proteccion, C.A.*, 354 F. Supp. 2d 269, 273-74 (S.D.N.Y. 2004) (Section 1782 only requires that the proceedings be "within reasonable contemplation" and may be invoked "even where foreign legal proceedings are not even underway").

Here, the foreign proceeding for which discovery is sought is pending. The GoG brought a civil suit before the High Court seeking damages, injunctive relief, and other relief against Balkan, and the High Court is responsible for deciding issues of fact and law relating to the dispute. *See* Amato Decl, Exhs. A (Summons and Statement of Claim) & F (High Court Ruling). The High Court has already issued a decision regarding interlocutory injunctive relief and noted

---

[2] A tribunal under the statute not only includes foreign courts but also foreign administrative and quasi-judicial proceedings, and a body is considered a tribunal when it acts as a "first-instance decisionmaker" capable of rendering a decision on the merits as part of the process that could ultimately lead to the resolution of the dispute. *Intel*, 542 U.S. at 255, 257-58.

5

that additional evidence would be necessary to adjudicate the case. *See* Amato Decl., Exh. F (High Court Ruling). The GoG will use discovery obtained through this application in order to demonstrate before the High Court what the actual condition of the Barge was and the actual performance of Balkan and its contractor under the PPA.

## II. THE *INTEL* FACTORS WEIGH IN FAVOR OF ORDERING THE DISCOVERY THAT THE GOG SEEKS

In *Intel*, the Supreme Court provided several factors to aid lower courts in determining whether to grant an application under § 1782. *See Intel*, 542 U.S. at 247; *Chevron*, 2010 WL 2038826, at *1 ("The statutory requirements are pre-requisites, but the ultimate decision whether to grant the application is within the court's discretion"). The factors include: (1) whether the material sought is within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and the character of the proceedings; (3) the receptivity of the foreign tribunal to United States federal court judicial assistance; (4) whether the request is an attempt to circumvent the foreign proof gathering restrictions or other policies of the foreign country or the United States; and (5) whether the request is unduly intrusive or burdensome. *See Chevron*, 2010 WL 2038826, at *1 (citing *Intel*, 542 U.S. at 264-65); *Roz Trading*, 469 F. Supp. 2d at 1228; *In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486, at*1 (S.D.N.Y. Apr. 22, 2005).

### A. ProEnergy is Not a Party to the Foreign Proceeding, and the Materials are Not Within the Foreign Tribunal's Jurisdictional Reach

As a nonparty to the Ghanaian proceeding, ProEnergy is not within the High Court's jurisdictional reach, and this factor supports discovery under § 1782. Indeed, as explained by the Supreme Court, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *see also Roz Trading*, 469 F. Supp. 2d at 1228-29 ("Because Respondent was not a named party to [the] agreement, it appears that Petitioner

6

cannot compel Respondent to the arbitral proceeding, and that the [foreign tribunal] does not have jurisdiction to compel discovery from Respondent."). This factor clearly weighs in favor of ordering discovery.

> B. **The Nature and Character of the Foreign Proceeding Weighs in Favor of Granting the GoG's Application**

The nature and character of the High Court proceeding supports granting the GoG's application. This factor is met where the foreign "proceedings are clearly judicial in nature" and are analogous to legal proceedings in the United States. *See Servicio Pan Americano*, 354 F. Supp. 2d at 274. The Ghanaian proceedings are clearly judicial in nature, *see* Amato Decl., Exh. F (High Court Ruling), and they are analogous to legal proceedings in the United States. Ghanaian courts are founded on English common law, have discovery and pretrial procedures similar to those in the United States, and conduct proceedings with efficiency and transparency. *See* Amato Decl., Exh. G, at ¶¶ 5, 13-16 (Tetteh Declaration). Further, the courts of Ghana have been found to provide an adequate alternative forum to the United States' judicial system. *See Agyenkwa v. Am. Motors Corp.*, 622 F. Supp. 242, 244-246 (E.D.N.Y. 1985) (concluding that Ghana was an adequate alternative forum for prosecution of a personal injury action). Thus, there is no question that the Ghanaian courts provide for judicial proceedings sufficiently analogous to the proceedings in this country to warrant an order of discovery.

> C. **There is No Indication that Ghana Would Be Unreceptive to Federal Judicial Assistance**

A foreign country "indicate[s] its receptivity to federal judicial assistance by its signature of treaties facilitating such cooperation." *See Servicio Pan Americano*, 354 F. Supp. 2d at 274. Ghana, in fact, has signed a treaty with the United States that facilitates judicial cooperation. *See* T.I.A.S. No. 6820, 21 U.S.T. 77, 1969 WL 97928, A. 5(j) (Dec. 14, 1969) (permitting

7

transmission of "judicial and extra-judicial documents or executing letters rogatory or commissions to take evidence for the courts of the sending State in accordance with international agreements in force or, in the absence of such international agreements, in any other manner compatible with the laws and regulations of the receiving State"). Indeed, in the context of 1782 applications, respondent bears the burden of proving that the foreign tribunal is *unreceptive* to the applicant's request. *See, e.g.*, *In re Chevron Corp.*, No. 7:10-mc-00067, 2010 WL 4883111, at *3 (W.D. Va. Nov. 24, 2010). "To meet this burden, a respondent must demonstrate a 'clear directive' or 'authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782,' such as 'judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures.'" *Id.* at *3 (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)); *Application of Esses*, 101 F.3d 873, 876 (2nd Cir. 1996); *see also Chevron*, 619 F.3d at 378. No such authority exists here. To the contrary, as stated above, Ghana has signed a treaty with the United States indicating their acceptance of foreign judicial assistance.

### D. The GoG is Not Attempting to Circumvent Ghanaian Law or Policy

The GoG's application is not an attempt to circumvent the foreign proof-gathering restrictions of Ghana. In determining whether an application is an attempt to circumvent foreign proof-gathering restrictions, the issue is whether the discovery is being sought in bad faith. *See In re Chevron Corp.*, 2010 WL 4883111, at *3. The GoG submits this application in a good faith attempt to obtain documents and information that are central to its claims in the foreign

proceeding, and there are no restrictions in the Ghanaian proceeding that would affirmatively prohibit the discovery it seeks.[3]

Further, the GoG is not required to exhaust all other potential avenues of discovery before seeking assistance under § 1782. *See Roz Trading*, 469 F. Supp. 2d at 1229; *Servicio Pan Americano*, 354 F. Supp. 2d at 273-74. An applicant that meets the threshold requirement of § 1782, as here, is entitled "to seek judicial assistance for use in the foreign proceeding, regardless of other discovery means that may be available." *Roz Trading*, 469 F. Supp. 2d at 1230; *Euromepa*, 51 F.3d at 1098 ("[T]his Court has also refused to engraft a quasi-exhaustion requirement onto section 1782 that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court") (quotations omitted).

### E. The GoG's Requests are Not Unduly Burdensome

The GoG's requests are not unduly intrusive or burdensome. The documents GoG requests are currently part of an ongoing federal court proceeding, and ProEnergy could make this information available in the foreign proceedings with little effort, time, or expense. *See* Amato Decl., Exh. I. Under these circumstances, courts have found similar requests reasonable and ordered the discovery of materials. *See Chevron*, 2010 WL 2038826, at *2 (Section 1782 application "is not unduly burdensome because [respondent] has already gathered the requested material"); *In the Matter of the Application of The Procter & Gamble Co.*, 334 F. Supp. 2d 1112,

---

[3] Section 1782 does *not* impose any foreign discoverability requirement to limits the statute's applicability to situations where the discovery sought in the United States is permissible in the foreign country. *See Intel*, 542 U.S. at 260-63; *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 98 (2d Cir. 2009) ("[E]ven if we assume that the court in Japan . . . would not permit discovery of the information sought in LBA's application . . . the Supreme Court expressly declined to adopt a rule requiring parties . . . to demonstrate that the information would be discoverable in the foreign jurisdiction").

9

Case 2:11-mc-09002-SOW   Document 2   Filed 01/25/11   Page 12 of 13

1116 (E.D. Wis. 2004) ("KC previously produced most of the documents that P&G seeks in an arbitration in which the parties agreed that discovery would not be used in other proceedings. Thus much of what P&G seeks could be supplied merely by modifying such an agreement."). Because ProEnergy has engaged in discovery in the Missouri action, *see* Amato Decl., Exh. H (W.D. Mo. Order Regarding Discovery), and the information requested here is similar in quantity and scope, the final *Intel* factor weighs in favor of granting the GoG's application.

## CONCLUSION

For all of the foregoing reasons, the GoG respectfully requests that this Court grant its application pursuant to 28 U.S.C. § 1782.


Dated: January 25, 2011

Respectfully submitted,

SHOOK, HARDY & BACON, LLP


/s/ Brian P. Baggott_____
Stanley D. Davis, MO Bar #46411
sddavis@shb.com
Brian P. Baggott, MO Bar #58494
bbaggott@shb.com
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

DEWEY & LEBOEUF LLP
Jonathan D. Siegfried (*pro hac vice pending*)
jsiegfried@dl.com
Jeffrey J. Amato (*pro hac vice pending*)
jamato@dl.com
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for Applicant The Government of Ghana*