# EXHIBIT A

  

ATTORNEY GENERAL'S DEPT.
P. O. BOX MB. 58
ACCRA

REPUBLIC OF GHANA

# WRIT OF SUMMONS
(Order 2 rule 3(1))

WRIT ISSUED FROM: 25 — 6 — 20 10    SUIT No. BDC/32/10

## IN THE HIGH COURT OF JUSTICE

COMMERCIAL DIVISION

**BETWEEN**

THE ATTORNEY GENERAL
ATTORNEY GENERAL'S DEPARTMENT
MINISTRIES
ACCRA                                                                 **Plaintiff**

AND

| 1. BALKAN ENERGY COMPANY LLC | 2. BALKAN ENERGY (GHANA) LIMITED | 3. MR. PHILLIP DAVID ELDERS | **Defendants** |
| ONE HICKORY CENTER | FIDELITY HOUSE | 1706 HATTERS COURT | |
| 1800 VALLEY VIEW LANE | 20 RING ROAD CENTRAL | SUGAR LAND | |
| SUITE 300, DALLAS | ACCRA | TEXAS 77479 | |
| TEXAS 75234, USA | | USA | |

AN ACTION having been commenced against you by the issue of this writ by the above-named Plaintiff THE ATTORNEY GENERAL

25–6–10

YOU ARE HEREBY COMMANDED that within EIGHT DAYS after service of this Writ on you inclusive of the day of service you do cause an appearance to be entered for you. 1. BALKAN ENERGY COMPANY LLC
2. BALKAN ENERGY (GHANA) LIMITED  3. MR PHILLIP DAVID ELDERS
AND TAKE NOTICE that in default of your so doing, judgment may be given in your absence without further notice to you.

Dated this 25th day of June 20 10

**Chief Justice of Ghana**

NB:  *This writ is to be served within twelve calender months from the date of issue unless, it is renewed within six calender months from the date of that renewal.*

 *The defendant may appear hereto by filing a notice of appearance either personally or by lawyer at Form 5 at the Registry of the Court of issue of the writ at   A defendant appearing personally may, if he desires, give notice of appearance by post.*

*State name, place of residence or business address of plaintiff if known (not P. O. Box number).
*State name place of residence or business address of defendant (not P. O. Box number).

# STATEMENT OF CLAIM

The Plaintiff seeks:

(a) as against the 1st and 3rd Defendants jointly and severally, damages for fraudulent misrepresentation;

(b) (i) a declaration that the Power Purchase Agreement made the 27th day of July 2007 between the Government of Ghana and the 2nd Defendant constitutes an international business transaction to which the Government of Ghana was party and is unenforceable as infringing Article 181(5) of the 1992 Constitution;

(ii) , a declaration that clause 22.2 of the Power Purchase Agreement constitutes an international business transaction to which the Government of Ghana was party and is therefore unenforceable as infringing Article 181(5) of the 1992 Constitution;

(c) as against all three Defendants:

(i) an injunction restraining them whether by themselves, their agents, their affiliates, subsidiaries or howsoever otherwise from instituting and/or pursuing arbitration proceedings or any other proceedings whatsoever against the Government outside the jurisdiction of Ghana in respect of or on the basis of the Power Purchase Agreement between the Government of Ghana and the 2nd Defendant dated the 27th day of July 2007;

(ii) further or other relief; and

(iii) costs, jointly and severally.

This writ was served by me at

On the defendant

on the           day of

endorsed the     day of

Signed............................................

Address............................................

**NOTE:** If the plaintiff's clam is for liquidated demand only, further proceedings will be stayed if within the time limited for appearance the defendant pays the amount claimed to the plaintiff, his lawyer or his agent or into court as provided for in Order 2 rule 3(2).

ATTORNEY GENERAL'S DEPARTMENT
P. O. BOX MB.
ACCRA

IN THE SUPERIOR COURT OF JUDICATURE
IN THE HIGH COURT OF JUSTICE
(COMMERCIAL DIVISION)
ACCRA- A.D 2010

| | | |
|---|---|---|
| THE ATTORNEY-GENERAL<br>ATTORNEY-GENERAL'S DEPARTMENT<br>MINISTRIES<br>ACCRA | - | PLAINTIFF |
| v. | | |
| 1. BALKAN ENERGY COMPANY LLC<br>ONE HICKORY CENTER<br>1800 VALLEY VIEW LANE<br>SUITE 300, DALLAS,<br>TEXAS 75234, USA | | |
| 2. BALKAN ENERGY (GHANA) LIMITED<br>FIDELITY HOUSE<br>20 RING ROAD CENTRAL<br>ACCRA | - | DEFENDANTS |
| 3. MR. PHILLIP DAVID ELDERS<br>1706 HATTERS COURT<br>SUGAR LAND<br>TEXAS 77479<br>USA | | |

## STATEMENT OF CLAIM

1. The Plaintiff is the legal representative of the Government of Ghana and is mandated pursuant to Article 88(5) of the Constitution to institute and conduct all civil cases on behalf of the Republic of Ghana.

2. The 1st Defendant represents itself as a private company incorporated under the laws of the Netherlands and having its registered office at the abovementioned address in Dallas, Texas, USA. The 2nd Defendant is a private limited liability company incorporated in Ghana of which a UK registered company, namely, Balkan Energy Limited (Balkan UK), is the sole shareholder.

3. The 3rd Defendant is the Managing Director of the 2nd Defendant company and claims to be a Senior Vice President of the 1st Defendant company resident at the abovementioned Texas address.

4. The 2nd Defendant was incorporated in Ghana on 16 July 2007 by Balkan UK abovementioned. The sole shareholder of Balkan UK is an entity called Syntek West Inc, an entity established in the United States of America.

5. By a Memorandum of Understanding made on the 16th day of May 2007 between the Republic of Ghana (hereinafter referred to as "the Government") and the 1st

Defendant, and governed by Ghana law, the latter acting by its duly authorised representative and agent, the 3rd Defendant, the 1st and 3rd Defendants made the following representations to the Government:

(a) the 1st Defendant would be able to give immediate assistance to the Government in resolving the energy crisis Ghana was experiencing at that time by rendering operational within 90 working days of the execution of a power purchase agreement ("the 90 working day period"), a 125 MW barge owned by the Government and situate at Effasu in the Western Region of Ghana (hereinafter referred to as "the Barge");

(b) the 1st Defendant had "the experience and capability of operating liquid/gas fired power plants"; and

(c) the 1st Defendant would invest approximately 30 to 40 million US Dollars towards the operationalisation and commissioning of the Barge ("the Financing").

6. In a Technical and Commercial Proposal dated 24 May 2007 pursuant to the abovementioned Memorandum of Understanding, the 1st and 3rd Defendants repeated the representations referred to in clause 5 (a) and (c) and made the following further representations:

(a) the 1st Defendant would make the Financing within the 90 working day period;

(b) the 1st Defendant would build a permanent liquid fuel supply system to be used on the Barge within the 90 working day period.

(c) until the permanent fuel supply system is built, the 1st Defendant would install/operate a temporary fuel supply system consisting of storage barges which would be filled by a flex pipe offshore facility. The 1st and 3rd Defendants further represented that the temporary fuel supply system would be "put in place to assure meeting the 90 working day commissioning schedule".

(d) the 1st Defendant would finance and install a steam cycle barge which would be combined with the current simple cycle system installed on the Barge to create a combined cycle system which would increase power generation capacity from about 125 MW to approximately 185 MW within 9 months after the execution of a power purchase agreement.

(e) the 1st Defendant would make the necessary repairs and testing within the 90 working day period to enable the Barge to be commissioned.

7. The representations referred to in clause 6(a) to (d) were again repeated to the Government orally inter alia on the 12th day of July 2007, by the 3rd Defendant for himself and on behalf of the 1st Defendant. The 3rd Defendant acting aforesaid on the same date also represented to the Government that the 1st Defendant would privately invest in multiple 825 MW Lignite coal power generation facilities and would do so within approximately 30 months of implementing a power purchase agreement for electricity generated by lignite coal.

8. At the time the said representations were made, the 1st and 3rd Defendants knew that Ghana was experiencing acute power shortages and that the Government urgently required an additional source of power within the shortest possible time to meet its

power supply deficiencies and avoid a severe power crisis and the attendant adverse effects on the country's economy.

9. The said representations were made or caused to be made by the 1st and 3rd Defendants in order to induce the Government to enter into the power purchase agreement hereinafter pleaded and to award rights to the Defendants in the Barge in preference to other entities that had expressed an interest in operationalising the Barge.

10. By means of the said representations, acting on the faith thereof and in the belief that the same were true, the Government was induced to enter into and did enter into a power purchase agreement and a site lease agreement with the 2nd Defendant on the 27th day of July 2007. The said Defendant was put forward by the 1st Defendant and 3rd Defendant to the Government as the party to implement the 1st Defendant's obligations under the Memorandum of Understanding hereinabove pleaded.

11. The 1st and 3rd Defendants at the time when they made or caused to be made the said representations made them recklessly not caring whether they were true or false.

12. The said representations made by or caused to be made by the 1st and 3rd Defendants were false and untrue. The 1st and 3rd Defendants well knew that they did not have the capacity to undertake the Project.

13. To date the Barge has not been rendered operational. Further, none of the other acts pleaded in paragraph 9 hereof have been undertaken. Consequently, the Government has not been provided with any additional power therefrom to date and has thereby suffered loss and damage.

## PARTICULARS

(i) The Government could not make alternative arrangements within the period of the emergency power crisis with any other party for the supply of the additional power that was to be supplied to it from the Barge.

(ii) The power shortage that the Country was experiencing at the time contributed to an overstretching of the Country's power production facilities.

14. The 2nd Defendant has, relying on clause 11.9 of the Power Purchase Agreement, claimed an amount of US$50,000,000 with interest from the Government which the Government has refused to pay as being unjustified. The 2nd Defendant on the 23rd day of December 2009 referred the said dispute between the parties to arbitration at the Permanent Court of Arbitration in The Hague, The Netherlands invoking clause 22.2 of the Power Purchase Agreement. Clause 22.2 of the power purchase agreement provides as follows:

*"If any dispute arises out of or in relation to this Agreement and if such matter cannot be settled through direct discussions of the Parties, the matter shall be referred to binding arbitration at the Permanent Court of Arbitration, Peace Palace, Carnegieplein 2, 2517 KJ in the Hague, The Netherlands. Unless the Parties to this Agreement agree otherwise, the arbitrator shall not have power to award nor shall he/she award any punitive or consequential damages (however denominated), Each side shall pay its own attorneys fees and costs no matter which side prevails and*

*each Party shall share equally in the cost of any mediation or arbitration. Applications may be made to such court for judicial recognition of the award and/or an order of enforcement as the case may be. Arbitration shall be governed by and conducted in accordance with UNCITRAL rules."*

15. The 2nd Defendant on the 24th day of February 2010 obtained leave from the District Court of Amsterdam Court in the Netherlands attaching the Government's assets in the said jurisdiction to the limit of US$66,330,000 invoking clause 24 of the Power Purchase Agreement.

16. Further, Balkan UK, the sole shareholder of the 2nd Defendant company, has by letter dated the 3rd day of February 2010 notified the Plaintiff of its intention to institute arbitration proceedings against the Government in the UK on the basis of inter alia, article 3 (for the protection of its investment in the Barge), of a Ghana -UK bilateral investment treaty dated the 22nd day of March 1989. The treaty entered into force on the 25th day of October 1991.

17. The Power Purchase Agreement constituted an international business or economic transaction within the meaning of Article 181(5) of the 1992 Constitution and consequently required parliamentary approval to render it enforceable.

18. The said agreement was neither laid before Parliament nor approved by Parliament as required by the said Article of the 1992 Constitution and is consequently unenforceable.

19. In the alternative the arbitration agreement, clause 22.2 referred to in paragraph 14 hereof constituted an international business transaction within the meaning of Article 181(5) of the 1992 Constitution and consequently required parliamentary approval to render it enforceable. The said international arbitration agreement did not receive parliamentary approval and is therefore unenforceable.

20. Wherefore the Plaintiff seeks:

    (a) as against the 1st and 3rd Defendants jointly and severally, damages for fraudulent misrepresentation;

    (b) (i) a declaration that the Power Purchase Agreement made the 27th day of July 2007 between the Government of Ghana and the 2nd Defendant constitutes an international business transaction to which the Government of Ghana was party and is unenforceable as infringing Article 181(5) of the 1992 Constitution;

    (ii) a declaration that the International Arbitration Agreement contained in clause 22.2 of the Power Purchase Agreement constitutes an international business transaction to which the Government of Ghana was party and is therefore unenforceable as infringing Article 181(5) of the 1992 Constitution;

    (c) as against all three Defendants:

    (i) an injunction restraining them whether by themselves, their agents, their affiliates, subsidiaries or howsoever otherwise from instituting and/or pursuing arbitration proceedings or any other proceedings whatsoever against the Government outside the jurisdiction of Ghana in respect of or on the basis of the Power Purchase Agreement between the Government of Ghana and the 2nd Defendant dated the 27th day of July 2007;

(ii) further or other relief; and

(iii) costs, jointly and severally.

DATED AT THE ATTORNEY GENERAL'S CHAMBERS, MINISTRIES, ACCRA THIS 24th DAY OF JUNE 2010.

*[signature]*
AMMA A. GAISIE (MRS)
SOLICITOR-GENERAL
For: THE ATTORNEY-GENERAL
AND MINISTER FOR JUSTICE

The Registrar
High Court,
Commercial Division
Accra

And to the Defendants herein.