# EXHIBIT A

IN THE MATTER OF AN ARBITRATION
BEFORE A TRIBUNAL CONSTITUTED IN ACCORDANCE WITH THE POWER
PURCHASE AGREEMENT BETWEEN THE GOVERNMENT OF GHANA, ACTING BY
AND THROUGH ITS MINISTER FOR ENERGY, AND BALKAN ENERGY (GHANA)
LIMITED ON OSAGYEFO POWER BARGE AND ASSOCIATED FACILITIES,
EFFASU PROJECT, DATED JULY 27, 2007

-and-

THE UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW
RULES OF ARBITRATION OF 1976 ("UNCITRAL RULES")

ADMINISTERED BY THE PERMANENT COURT OF ARBITRATION ("PCA")

PCA CASE NO. 2010-7

-between-

BALKAN ENERGY LIMITED (GHANA)

("Claimant")

-and-

THE REPUBLIC OF GHANA

(the "Respondent," and together with the Claimant, the "Parties")

_____

INTERIM AWARD

_____

By the Tribunal

Professor Francisco Orrego Vicuña (Presiding Arbitrator)
Judge Stephen M. Schwebel
Judge Thomas A. Mensah

Dated 22 December 2010

    b. The validity of the PPA, and whether the Parties are bound by an agreement to arbitrate in respect of the proceedings initiated by the Claimant in its Notice of Arbitration dated 23 December 2009;

    c. Whether the Ghana High Court Order of 25 June 2010, or any other court order of a similar nature that may be issued in the future, affects the jurisdiction of the Tribunal, and the implications of the 6 September 2010 Ghana High Court Ruling in relation to Ghana's application for an interlocutory injunction and BEC's motion on notice for a stay of proceedings.

62. The Tribunal will examine the Parties' arguments and come to its findings on each of these points. In so doing the Tribunal wishes to state at the outset that it has the highest respect for the courts of Ghana and its legal system as a whole. It does not regard the issues disputed as entailing a legal competition between its competence as an arbitration tribunal and the jurisdiction of the national courts of Ghana. Rather, it believes that its decision should be taken solely on the basis of the legal rules and principles that ought to apply, in the light of the Parties' commitments, including those specified in Article 22 of the PPA, and of the Tribunal's aim to seek the most reasonable alternative in the pursuit of justice.

63. The Tribunal notes with appreciation that the Ghana High Court Order does not question the competence of this Tribunal, under the UNCITRAL Rules, to give its ruling on objections at the appropriate point of the proceedings, be it the jurisdictional or the merits phase, nor does it purport to subject the Tribunal to the orders (e.g., stay of execution) of the Ghana High Court. In the same spirit of courtesy and respect the Tribunal will not grant the request of the Claimant that the Tribunal issue an anti-suit injunction ordering Ghana to withdraw its domestic suit or to refrain from any further court proceedings in Ghana or elsewhere. As indicated below, the Tribunal will be pleased to take fully into account the views of the courts in Ghana, to the extent that such views become available in the course of its proceedings. For that purpose, the Tribunal will endeavour as much as possible to arrange for an ample procedural calendar so as to take account of this possibility.

### A. The competency of the Tribunal to rule on the validity of the PPA and the arbitration clause contained in Article 22 thereof.

*The Respondent's arguments*

64. The Respondent maintains that determination of the validity of either the PPA or the arbitration clause involves determinations on questions of interpretation of the Ghanaian Constitution, and is, therefore, non-arbitrable. The Respondent further maintains that, even if the Tribunal nonetheless were to find that it is competent to rule on the validity of either or both agreements, the proper and practical course would be for the Tribunal to exercise restraint and to await a

been noted above, the Tribunal is willing to consider and take fully into account the views of the Ghanaian courts on the issues raised with regard to the applicability of Article 181(5) of the Ghanaian Constitution, to the extent that such views become available in the course of the proceedings of the Tribunal. For this purpose the Tribunal is willing to approve of an ample procedural calendar. As has been noted, the Respondent is confident that the decisions of the Ghanaian courts will not take more than nine months. To the extent that new or additional considerations relevant to the Tribunal's jurisdiction become available, the Parties are permitted and encouraged to put such considerations before the Tribunal at any time before the proceedings on the merits are closed. This is, of course, without prejudice to any other arguments that the Parties may wish to submit concerning the merits of the dispute.

193. In this spirit of mutual respect, even in the face of divergent views, the Tribunal would like to address three other issues. The first concerns the Respondent's arguments to the effect that the Claimant may be held in contempt of court if it proceeds with the arbitration, contrary to the injunction issued by the Ghana High Court. The Tribunal will consider any such steps as highly disruptive of the right to arbitration as embodied in the PPA and the arbitration agreement and provided for in the legislation of the Republic of Ghana. The Tribunal, therefore, urges the Respondent not to pursue this line of action.

194. The second question concerns the conservatory attachments for which the Claimant has obtained leave from the Dutch courts but that could not be implemented. The Tribunal notes the Claimant's undertakings to the Ghana High Court of 15 July 2010 to the effect that it will not seek any further conservatory attachments of any of Ghana's assets in any jurisdiction pending the final determination of the arbitration. As this undertaking has been also argued in this arbitration, the Tribunal holds that the Claimant is under an obligation not to pursue any such current or further attachments of Ghanaian assets in any jurisdiction pending the final determination of this arbitration.

195. Lastly the Tribunal must react to the Claimant's request for a confidentiality order to the Parties to keep confidential all awards and orders in this arbitration, as well as other materials and documents related thereto, unless agreed in writing to the contrary, save when disclosure is ordered in certain domestic court proceedings. The Tribunal does not consider that there is justification for such an order at this stage. However, it is willing to reconsider the matter if in the course of these proceedings new considerations are brought to its attention, and the issue is duly argued by the Parties.

This Interim Award is made pursuant to Article 1049 of the *Netherlands Arbitration Act 1986*, at the place of arbitration, The Hague, the Netherlands, this 22nd day of December 2010:


_____
Judge Stephen M. Schwebel
Arbitrator

_____
Judge Thomas A. Mensah
Arbitrator


_____
Professor Francisco Orrego Vicuña
President