IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| THE GOVERNMENT OF GHANA, | ) | |
| Movant, | ) ) ) | |
| v. | ) | Case No. 11-9002-MC-SOW |
| PROENERGY SERVICES, LLC, et. al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are Balkan Energy Limited (Ghana)'s Motion to Intervene and for Reconsideration of February 7, 2011 Order Granting the Government of Ghana's Application for Discovery Pursuant to 28 U.S.C. § 1782 and For Emergency Stay (Doc. #13), the Government of Ghana's Suggestions in Opposition, Balkan's Reply[1], and Ghana's Sur-Reply. Also before the Court is ProEnergy Services LLC's Motion for Protective Order (Doc. #17).

I. Background

In 2007, the Government of Ghana ("Ghana") and Balkan Energy Limited (Ghana) ("Balkan") entered into a Power Purchase Agreement ("PPA") for the refurbishment and recommissioning of a 125 mega-watt barge and power station located in Ghana. Under the PPA, Balkan was to convert the barge into a power plant, upgrade its capacity and invest in infrastructure to enable natural gas to be supplied to the barge in exchange for tolling fee payments. Balkan contends that Ghana failed to live up to its agreement under the PPA by failing to provide a

---

[1] Ghana urges the Court to deny Balkan's Reply as untimely. While the Court agrees that Balkan's Reply is untimely, the Court has considered all the briefs in order to reach its conclusion. Therefore, the Court will not strike Balkan's Reply from the record.

connection to the national grid through proper transmission lines, and further, by failing to pay necessary fees. Balkan commenced an arbitration proceeding in the Hague against Ghana, pursuant to the PPA. Subsequently, Ghana commenced a civil action in the High Court of Ghana in June 2010 seeking damages for fraud and misrepresentation concerning Balkan's purported failure to carry out its obligations under the PPA.

Prior to the Ghanian and Hague proceedings, Balkan Energy Company was engaged in an action pending in this Court against ProEnergy Services International, Inc. and ProEnergy Services LLC ("ProEnergy"), the primary subcontractor retained by Balkan on the power plant project. See ProEnergy Services, LLC v. Balkan Energy Co., No 2:09-cv-4026, 4030 (W.D. Mo.). There is some confusion over whether Balkan Energy Company is a separate entity or subsidiary from Balkan Energy Limited (Ghana). Apparently, Balkan Energy Company was misidentified as a Texas corporation by both parties in the suit that proceeded in this Court, and was never legally formed as a company. Balkan Energy Company proceeded in this Court as though it was a subsidiary of Balkan Energy Limited (Ghana). After subsequent briefing, Balkan informs the Court that the work done on the PPA was done by the "Balkan parties," suggesting that both Balkans were involved in work done on the PPA. Balkan suggests that Ghana is aware of this relationship because the documents Ghana requests from ProEnergy defines "Balkan" as follows: "'Balkan' refers to Balkan Energy Company, LLC and Balkan Energy (Ghana) Limited, as well as their current former agents, affiliates, and subsidiaries." It is readily apparent, however, that Ghana's request seeks information from both Balkan Energy Company and Balkan Energy Limited (Ghana) because it is not clear whether Balkan Energy Company actually exists. Indeed, Balkan has failed to explain to the Court whether Balkan Energy Company has ever been legally formed.

Presently, Ghana seeks potentially relevant discovery in possession of ProEnergy pursuant to 28 U.S.C. § 1782. The Court initially granted Ghana's application on February 7, 2011. But Balkan was allowed to intervene on April 29, 2011, in order to allow Balkan the opportunity to oppose the § 1782 request. After full briefing, the Court will deny Balkan's motion for reconsideration.

## II. Discussion

Balkan has moved the Court to reconsider its previous Order (Doc. #8) that granted Ghana's application for discovery pursuant 28 U.S.C. § 1782. In order to grant discovery under 28 U.S.C. § 1782, the Court must engage in a two-step analysis. First, the Court must determine whether the application satisfies the statutory prerequisites and whether the Court has discretion to permit discovery under the statute. Second, the Court determines whether and how to exercise its discretion. See Intel Corp v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004).

**A. Statutory Requirements**

> 28 U.S.C. § 1782 provides, in pertinent part:
>
> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced . . . .

28 U.S.C. § 1782(a). In Intel Corp. v. Advanced Micro Devices, Inc., the Supreme Court interpreted the statute as requiring the satisfaction of three requirements. 542 U.S. at 246-47, 61. Specifically, a district court is authorized to assist a foreign or international tribunal or a litigant before such a tribunal by ordering discovery where: (1) the person from whom discovery is sought resides or is

found in the district, (2) the discovery is for use in a "proceeding" before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." Id. at 246-47, 61; see also Schmitz v. Bernstein, Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d. Cir. 2004). If these requirements are met, the Court is authorized, but not required, to allow discovery under § 1782. Intel Corp., 542 U.S. at 246-47, 261.

As a threshold matter, the Court finds that these prerequisites have been satisfied. First, Ghana represents, and no party disputes, that ProEnergy resides or can be found in the Western District of Missouri. Further, Ghana, the party seeking discovery, is an interested person under the statute.

The only statutory prerequisite that is contested is whether the international arbitration in the Hague constitutes a "proceeding" under the statute, and further, whether the litigation pending before the High Court of Ghana is a "sham," instigated to circumvent the arbitral process. The Court addresses the later of these two issues first.

Although Balkan vehemently argues that the litigation advanced by Ghana in the High Court of Ghana is a sham, it has failed to substantiate such an argument. Balkan seeks to prove that the litigation in the High Court of Ghana is a sham by asserting that Ghana agreed and admitted that the parties' dispute must be resolved through arbitration in the Hague. However, this evidence, in and of itself, does not sufficiently show that the Ghanian litigation is a sham. Even if Ghana's actions seem suspicious, the fact that Ghana subsequently instigated proceedings in Ghana does not definitively show that the Ghanian litigation is a sham, and Balkan has provided no case law suggesting otherwise. Moreover, it is hard to call the Ghanian litigation a sham when the parties are still actively litigating in that court.

-4-

Balkan also contends that the arbitral tribunal has "denounced" the proceedings in the High Court of Ghana. The Court has reviewed the relevant portions from the arbitral tribunal, and finds Balkan's argument without merit. There appears only to be the utmost respect between the arbitral tribunal and the High Court of Ghana. Further, Ghana has presented sufficient evidence that proves the litigation in Ghana is not a sham and that it is being actively litigated. As proof, Ghana has submitted a copy of the pleadings from the High Court of Ghana and relevant pages from the arbitration tribunal's Interim Award, both of which sufficiently support Ghana's position.

Lastly, Balkan contends that the international arbitration taking place in the Hague does not qualify as a "proceeding" under the statute and therefore Ghana cannot meet the statutory requirements. But the Court finds that Balkan's argument is without merit, as Balkan relies on cases that were determined before Intel Corp v. Advanced Micro Devices, Inc.[2] Courts after Intel have concluded that an arbitration does in fact constitute a proceeding under § 1782. See, e.g., In re Application of Chevron Corp. Nos 10-MC-208, 10-MC-209, 2010 WL 5173279, at *4 (E.D. Pa. Dec. 20, 2010) (citing cases in support); accord Intel Corp., 542 U.S. at 528 (tribunal includes international arbitration tribunals) (quotation omitted). Even if the Court found that the arbitration tribunal were not a proceeding under the statute, the existence of the litigation in Ghana would constitute a proceeding and would alone provide a sufficient basis for the Court to grant Ghana's request. See Chevron Corp. v. Berlinger, 629 F.3d 297, 310-311 (2d Cir. 2011). Consequently, having found there is a proceeding, the Court concludes that all the statutory prerequisites are met.

---

[2] See, e.g., NBC v. Bear Stearns, Inc., 165 F.3d 184 (3rd Cir. 1999); Republic of Khazakhstan v. Biedermann Int'l, 168 F.3d 880 (5th Cir. 1999).

**B. Discretionary Factors**

As mentioned, meeting the statutory prerequisites does not end the Court's inquiry of whether to grant Ghana's § 1782 discovery request. The Court retains discretion over whether to permit the requested discovery. See Intel Corp., 542 U.S. at 260. In the exercise of its discretion, the Court may look to the nature, attitude, and procedures of the foreign jurisdiction as useful tools in making its decision. Schmitz, 376 F.3d at 84 (quoting In re Application of Gianoli Aldunate, 3 F.3d 54, 60 (2d Cir. 1993)). The Supreme Court has identified several non-exclusive factors that a district court may consider in deciding whether to grant an application under § 1782. These include: (1) whether "the person from whom the discovery is sought is a participant in the foreign proceeding," in which case, "the need for § 1782(a) aid generally is not as apparent as . . . when evidence is sought from a nonparticipant in the matter arising abroad"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery request should be scaled back to avoid undue burden. Intel Corp., 542 U.S. at 264-65.

Judge Posner of the Seventh Circuit Court of Appeals has explained recently in the context of a § 1782 case:

> Discovery in the federal court system is far broader than in most (maybe all) foreign countries, and it may seem odd that Congress would have wanted foreign litigants to be able to take advantage of our generous discovery provisions. The stated reason was by setting an example to encourage foreign countries to enlarge discovery rights in their own legal systems . . . . That might benefit U.S. litigants in those countries. And since the foreign court could always exclude the fruits of U.S. discovery, it seemed that allowing such discovery could only help, and not hurt, the foreign

-6-

Case 2:11-mc-09002-SOW   Document 28   Filed 06/06/11   Page 6 of 13

tribunal . . . .

Haraeus Kulzer, GmbH. v. Biomet, Inc., 633 F.3d 591, 594 (7th Cir. 2011).

Although the law is straightforward, it is the district court's job to ensure that potential abuses do not arise that would warrant a denial of an application for discovery. One potential abuse would be for a party to seek discovery in a federal district court that it could obtain in the foreign jurisdiction, thus gratuitously forcing his opponent to proceed in two different court systems. Id.; Cf. Intel Corp., 542 U.S. at 264. Another potential abuse would be for a party to seek discovery of documents or other materials that a foreign court would not admit into evidence. Id.

As discussed below, the Court does not believe that either of these potential abuses is the motive behind Ghana's request. To the extent that Balkan or ProEnergy claim the discovery sought is excessive, the Court notes that discovery sought under § 1782 must, in the absence of a contrary order by the Court, comply with Rule 26 of the Federal Rules of Civil Procedure and other rules governing discovery in federal courts. The Court now turns to consideration of the discretionary factors enumerated by the Supreme Court in Intel.

*1. Whether ProEnergy is Subject to the Jurisdiction of Foreign Tribunals*

Here, ProEnergy is a Missouri Limited Liability Company whose principal place of business is located in Sedalia, Missouri. ProEnergy is not a party to any of the foreign proceedings, and is not subject to the jurisdiction of any of the foreign jurisdictions. These facts weigh in favor of granting Ghana's application under § 1782 because, as the Supreme Court stated in Intel, the evidence of nonparticipants outside the reach of the foreign tribunal's jurisdiction "*may* be unobtainable absent Section 1782(a) aid." 542 U.S. at 264 (emphasis added).

-7-

*2. The Nature of the Foreign Tribunals and their Receptivity to the Court's Assistance*

The parties have made no indication that the foreign tribunals are unreceptive to judicial assistance from United States courts. Parties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence. See Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099-1100 (2d. Cir. 1995) ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."). The intervening party, Balkan, has not provided the Court with reliable evidence of non-receptivity in this case. Even if Balkan could produce reliable evidence that the arbitration tribunal would reject the evidence, Balkan has not provided the Court with reliable evidence that the High Court of Ghana would reject the evidence. Accordingly, this factor weighs in favor of granting Ghana's application.

*3. Whether the Applications Attempt to Circumvent Foreign Proof-Gathering Restrictions*

Balkan contends that Ghana is attempting to circumvent foreign proof-gathering restrictions because Ghana filed suit in the High Court of Ghana, which Balkan contends amounts to "nothing more than an end run around the arbitral process in the Hague." More specifically, Balkan contends that the UNCITRAL Rules of arbitration do not contemplate or allow the type of discovery Ghana seeks.

In considering Balkan's argument, the Court must look to "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Intel Corp., 542 U.S. at 264. The Court may also consider the fact that ProEnergy is a non-party to the foreign proceedings, which

-8-

makes it more difficult for the foreign tribunals to reach ProEnergy. See In re IKB Deutsche Industriebank AG, No. 09-cv-7852, 2010 WL 1526070, at *3 (N.D. Ill. Apr. 8, 2010).

The Supreme Court in Intel found that § 1782 does not impose an exhaustion requirement. Intel Corp., 542 U.S. at 247, 262. In other words, the Court declined to impose a rule precluding § 1782 discovery in instances where an applicant would be unable to obtain the requested discovery in the relevant foreign jurisdiction. Id. The district courts, however, may consider this factor in deciding whether to exercise their discretion in favor of allowing the requested discovery. Id.

No evidence has been presented here suggesting that Ghana is attempting to circumvent the arbitral process in the Hague. Moreover, Balkan has not shown that the arbitral tribunal or High Court of Ghana would be unreceptive to the materials discovered under Ghana's § 1782 request. Therefore, it cannot be said that Ghana's application is an attempt to circumvent foreign proof-gathering restrictions.

*4. Whether the Request is Unduly Intrusive or Burdensome*

Lastly, Balkan claims Ghana's discovery request is unduly burdensome or intrusive because Ghana could have "gone to directly to Balkan" to obtain the discovery. Balkan also claims that Ghana's request is burdensome because ProEnergy had to file a Motion for Protective Order and that Balkan will undoubtedly be unfairly and irreparably prejudiced if the Court's Order is not vacated.

But, Balkan has failed to clearly explain how it would be burdened or unfairly and irreparably prejudiced by an order directing a different party to produce documents. Further, the fact that ProEnergy had to file a Motion for Protective Order hardly rises to the level of burdensome for Balkan. ProEnergy has already informed Ghana that most of the requested information is available electronically and could be readily produced, which further diminishes the strength of Balkan's

-9-

argument.

The Court also finds unpersuasive Balkan's argument that Ghana could have obtained discovery directly from Balkan. Initially, the Court was curious why Ghana could not obtain the requested information from Balkan in the litigation proceeding in the High Court of Ghana or the arbitration tribunal in the Hague, but as Ghana points out in its briefing, the Supreme Court and other federal courts have refused to engraft an exhaustion requirement onto § 1782 that would force litigants to seek information through a foreign court or from a foreign party before requesting third-party discovery from a district court under § 1782. See, e.g., Marubeni Am. Corp. v. LBA Y.K., 355 F. App'x 95, 98 (2d Cir. 2009) (citing Intel Corp., 542 U.S. at 261). Further, the Court believes that further litigation would spawn if the Court denied Ghana's request. This is because Balkan Energy Company's existence is somewhat suspect considering that it held itself out as a Texas Corporation in the case before this Court when in fact it was not legally formed. Consequently, if Balkan Energy Company is not legally formed, Ghana may not be able to obtain the requested information from it.

Balkan's briefing has not remedied the Court's concerns regarding the existence of Balkan Energy Company, but has further compounded the issue. Balkan's briefing neither confirms nor denies that Balkan Energy Company exists. As it stands, the Court believes that ordering discovery from ProEnergy is the surest way to ensure that Ghana obtains the discovery it seeks without forcing Ghana to further litigate the same issues elsewhere. Therefore, the Court finds that Ghana's request is not unduly burdensome or intrusive.

## C. Due Process

Finally, Balkan has alleged that the Court's Order violates due process because it was issued pursuant to an *ex parte* application. This argument is without merit, because it is well-settled that

-10-

the Court has authority to rule on a § 1782 application *ex parte*. See, e.g., In re Application of Esses, 101 F.3d 873, 874 (2d. Cir. 1996); In re Republic of Ecuador, No. 1:10-mc-00040 GSA, 2010 WL 4193072, at * 2 (D. Colo. Oct. 20, 2010) ("the Court finds that granting the *ex parte* application is appropriate."). Furthermore, Balkan has been given the opportunity to intervene and voice an objection to Ghana's discovery request. Therefore, the Court finds its previous Order granting Ghana's § 1782 request did not violate due process.

After a review of the relevant factors, the Court finds that Ghana's § 1782 application should be granted. Therefore, the Court will deny Balkan's Motion for Reconsideration.

**D. Protective Order**

ProEnergy has filed a Motion for Protection Order (Doc. #17). ProEnergy contends that the information sought by Ghana includes materials which are trade secret, proprietary and confidential, which include rate sheets, internal pricing guides, and list of possible subcontractors which are not generally known throughout the industry. ProEnergy requests that if discovery is ordered, that the Court limit the discovery to matters exchanged between the parties in the previously litigated case ProEnergy Services, LLC v. Balkan Energy Co., No 2:09-cv-4026, 4030 (W.D. Mo.). ProEnergy's motion was filed, however, without first conferring or attempting to confer with Ghana's counsel as required by Fed. R. Civ. P. 26(c)(1) and Local Rules 26.1 and 37.1.

The Federal Rules of Civil Procedure allow for broad discovery so that parties may gain full knowledge of the issues in the case. Hickman v. Taylor, 329 U.S. 495 (1947). Discovery is as broad under § 1782 as it is under Fed. R. Civ. P. 26. Thus, if there is a possibility that the discovery sought

-11-

*may* lead to information relevant to the subject matter of the action, then the discovery should generally be allowed. Fed. R. Civ. P. 26(b)(1). With this standard in mind, the Court will order ProEnergy's counsel and Ghana's counsel to confer in good faith regarding the discovery requested. The Court notes that it has reviewed Ghana's requests and believes they are both relevant and discoverable. The parties should address two issues: (1) whether a protective order is needed and, if so, ProEnergy shall specifically identify those documents it claims are proprietary, confidential, or trade secret, and (2) identify what discovery, if any, Ghana requests that was not produced between ProEnergy and Balkan in <u>ProEnergy Services, LLC v. Balkan Energy Co.</u>, No 2:09-cv-4026, 4030 (W.D. Mo.). Should the parties fail to reach a resolution, the Court will schedule a telephone conference as a last resort.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Balkan Energy Limited (Ghana)'s Motion to Intervene and for Reconsideration of February 7, 2011 Order Granting the Government of Ghana's Application for Discovery Pursuant to 28 U.S.C. § 1782 and For Emergency Stay (Doc. #13) is denied.[3] It is further

ORDERED that ProEnergy's counsel and Ghana's counsel confer in good faith regarding the discovery requested, and inform the Court within ten (10) days of the date of this Order whether the parties have reached a resolution. It is further

---

[3] The Court already allowed Balkan to intervene (*see* Doc. #24); therefore, this Order only pertains to Balkan's motion for reconsideration and for emergency stay.

ORDERED that ProEnergy Services LLC's Motion for Protective Order (Doc. #17) is denied *without prejudice*.

 /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: June 6, 2011